UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT S., | ) |
| | ) |
|     **Plaintiff** | ) |
| | ) |
| v. | )   No. 2:22-cv-00129-LEW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|     **Defendant** | ) |

## REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) erred in relying on the opinions of two agency nonexamining consultants who did not have the benefit of review of later-submitted evidence that called their conclusions into doubt. *See* Statement of Errors (ECF No. 9) at 1, 4-12. I agree and, accordingly, recommend that the Court vacate the Commissioner's decision and remand this case for further proceedings consistent with this decision.

### I. Background

The ALJ found, in relevant part, that the Plaintiff (1) had the severe impairments of osteoarthritis of the bilateral shoulders and thoracic spine, *see* Record at 19, (2) retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) except that he could frequently push, pull, and reach overhead with his bilateral upper extremities, *see id*. at 22, (3) could perform

1

jobs existing in significant numbers in the national economy, *see id.* at 26, and (4) therefore was not disabled, *see id.* at 27. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Hum. Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

## II.  Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III.  Discussion

The ALJ noted that the Plaintiff testified, among other things, that he had "a nagging and irritating pain in his shoulders," dropped things, was unable to "lift significant weight" and "[h]is shoulders hurt when he [was] just holding his phone to his ear." Record at 23. However, the ALJ found the Plaintiff's "statements about the

intensity, persistence, and limiting effects" of his symptoms unsupported by "the longitudinal evidence of record." *Id*.

The ALJ deemed the opinions of agency nonexamining consultants Archibald Green, D.O., and Donald Trumbull, M.D., who reviewed the Plaintiff's claims in June 2020 and July 2020 respectively, "consistent with and supported by the record as a whole" and therefore persuasive. *Id*. at 25, 70-71, 77-78. Nonetheless, whereas Drs. Green and Trumbull found the Plaintiff capable of performing medium work, which "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds," 20 C.F.R. § 404.1567(c); Record at 70, 77, the ALJ gave "some benefit of the doubt" to the Plaintiff's "testimony and subjective complaints" and "shoulder functioning" by restricting him to light work, Record at 25, which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," 20 C.F.R. § 404.1567(b).

Notably, Drs. Green and Trumbull did not have the benefit of reports of MRI imaging of both of the Plaintiff's shoulders conducted on September 12, 2020, which indicated that no prior MRI of either shoulder existed. *See* Record at 346-49. The MRI of the left shoulder disclosed (1) "[n]o high-grade rotator cuff tear," "[t]endinosis of the supraspinatus and infraspinatus with bursal sided fraying of the distal fibers of the supraspinatus tendon," and "interstitial fissuring of the subscapularis tendon," (2) "[b]iceps tenosynovitis," (3) "[g]lenohumeral chondrosis," and (4) "[p]robable degenerative anterior labral tear with adjacent paralabral cyst." *Id*. at 347. The MRI of the right shoulder disclosed (1) "[n]o high-grade rotator cuff tear," "[t]endinosis,

partial thickness bursal sided tearing and interstitial fissuring of the supraspinatus and infraspinatus," and "[i]nterstitial fissuring of the subscapularis," (2) "[e]quivocal longitudinal split tear of the extra-articular long head of the biceps tendon," (3) [g]lenohumeral chondrosis and labral degeneration," and "[a]cromioclavicular osteoarthropathy." *Id*. at 349.

The ALJ characterized the MRI of the Plaintiff's left shoulder as "reveal[ing] only mild findings." *Id*. at 24. Counsel for the Commissioner acknowledged at oral argument that the use of the word "mild" suggests that the ALJ made an interpretation or qualitative judgment but contended that any error was harmless because the ALJ otherwise relied on substantial evidence that the Plaintiff was capable of at least light-level work, such as normal physical examinations. She added that a raw MRI report in itself sheds no light on whether a claimant can lift a certain amount of weight.

In interpreting the MRI results as "mild," the ALJ indeed made a qualitative judgment exceeding the bounds of his competence as a layperson. *See, e.g., Dustin T. v. Saul*, No. 1:20-cv-00310-GZS, 2021 WL 3047257, at *5 (D. Me. July 20, 2021) (rec. dec.), *aff'd*, 2021 WL 3494590 (D. Me. Aug. 9, 2021) (ruling that remand was warranted when an ALJ exceeded the bounds of his layperson expertise in characterizing an MRI report that revealed disc bulging and herniations as "limited," and the report had not been reviewed by any of the experts on whom the ALJ relied).

Contrary to the Commissioner's argument, the error was not harmless. Drs. Green and Trumbull, who had reviewed x-ray reports but not the MRI reports, cited

documentation indicating "minimal" osteoarthritis of the Plaintiff's shoulders. Record at 70, 77. The September 2020 MRI reports, which documented fraying, fissuring, and tearing of the tendons in both shoulders, necessitated further expert evaluation, undermining the ALJ's reliance on the Green and Trumbull opinions and preventing him from making a commonsense judgment that the Plaintiff remained capable of light work. *See, e.g.*, *Manso-Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 18-19 (1st Cir. 1996) (remanding case when, even if the court "were to conclude that substantial evidence documented no more than mild physical impairments with relatively insignificant exertional loss," the record before the ALJ was "sufficiently ramified that understanding it require[d] more than a layperson's effort at a commonsense functional capacity assessment"); *Donald M. v. Saul*, No. 2:20-cv-00364-JDL, 2021 WL 2589179, at *3 (D. Me. June 24, 2021) (rec. dec.), *aff'd*, 2021 WL 3234591 (D. Me. July 29, 2021) (noting that an "expert's report cannot stand as substantial evidence in support of an [ALJ's] decision when material new evidence has been submitted that calls the expert's conclusions into question" (cleaned up)).[1]

---

[1] The Commissioner cites *O'Bannon v. Colvin*, No. 1:13-cv-207-DBH, 2014 WL 1767128 (D. Me. Apr. 29, 2014), for the proposition that remand is unwarranted because the Plaintiff fails to demonstrate that "the consultants' findings would *necessarily* have been changed in a manner more favorabl[e] to him had they seen the later-dated evidence." Opposition (ECF No. 11) at 6. This Court has since clarified that "the First Circuit Court of Appeals has embraced a rule of reasonableness and does not hold that a claimant must demonstrate that new evidence will necessarily yield a different outcome on remand." *Andrew H. v. Soc. Sec. Admin. Comm'r*, No. 1:18-CV-00499-LEW, 2019 WL 4417470, at *3 (D. Me. Sept. 16, 2019). Instead, a claimant need only show that there is a "reasonable probability . . . that the outcome would be different upon remand." *Id.* (cleaned up). Moreover, *O'Bannon* is distinguishable in that the claimant had argued that remand was required merely because the consultants had not reviewed the complete medical record, identifying no specific unseen evidence that called their opinions into question. *See O'Bannon*, 2014 WL 1767128, at *7. Tellingly, *O'Bannon* distinguished *Brown v. Barnhart*, No. 06-22-B-W, 2006 WL 3519308 (D. Me. Dec. 6, 2006) (rec. dec.), *aff'd*, ECF No. 14, No. 1:06-cv-00022-JAW (D. Me. Dec. 28, 2006), on the basis that

## IV.  Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent with this decision.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: January 26, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge

---

"subsequent records of the claimant's treating physician were deemed inconsistent with the medical evidence available to the state-agency reviewers so that one cannot be confident that, had the state-agency reviewers seen the later evidence, they would have continued to opine that the plaintiff was capable of meeting the demands of light work." *Id*. (cleaned up).  In this case, as in *Brown*, the Plaintiff identifies specific evidence unseen by experts that he contends call their conclusions into question.